UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD GIBBS,             Case No. 1:17-cv-245

    Plaintiff,                Judge Timothy S. Black

vs.

MERIDIAN ROOFING CORP., D/B/A
ATLAS ROOFING CORPORATION,
*et al.*,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR LEAVE TO FILE A
FIRST AMENDED COMPLAINT (Doc. 11) and
DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS (Doc. 9)**

This civil case is before the Court on Defendants' motion to dismiss the Complaint (Doc. 9),[1] Plaintiff's motion for leave to file an amended complaint (Doc. 11), and the parties' responsive memoranda (Docs. 10, 12, 13).

## I.     FACTS AS ALLEGED BY PLAINTIFF

From July 30, 2007 to April 14, 2015, Atlas Roofing employed Plaintiff as a line worker in the felt mill plant at the Franklin Facility. (Doc. 11-1 at ¶ 7). Throughout that period, Atlas Roofing considered Plaintiff to be a conscientious and diligent employee who satisfactorily performed the duties of the general laborer position. (*Id.*).

---

[1] "Defendants" are Meridian Roofing Corp., d/b/a Atlas Roofing Corp. ("Atlas Roofing"), Bill Holian and Dwayne Kidder.

Nearly twenty years prior to his employment with Atlas Roofing, Plaintiff was beaten during a robbery and suffered a herniated disc and fractured vertebrae. (Doc. 11-1 at ¶ 8). This injury has plagued him ever since, rendering him, at times, unable to straighten his back or stand without enduring severe pain. (*Id.*)

In early 2014, this injury flared up again, and on February 16, 2014, Plaintiff's treating physician, Kali Hollingsworth, MD, took Plaintiff off work in anticipation of back surgery. (Doc. 11-1 at ¶ 9). On April 3, 2014, Plaintiff had back surgery. (*Id.*) During this period, Plaintiff was on a short-term disability under Atlas Roofing's medical insurance. (*Id.*) The company also required Plaintiff to use his available leave under the Family Medical Leave Act. (*Id.*)

While he was recovering, Holian tried to convince Plaintiff to resign and apply for social security disability benefits, telling him that he would never work for Atlas Roofing again. (Doc. 11-1 at ¶ 10). Holian told Plaintiff that, with the condition of his back, he was a liability to the company. (*Id.*) Atlas Roofing had just completed 750,000 hours without any lost time, and if the company allowed Plaintiff to return and he reinjured his back, it would ruin that safety record. (*Id.*) Holian even went so far as to write a letter to the Social Security Office in Franklin, Ohio to assist Plaintiff in obtaining social security disability benefits. (*Id.*)

On July 28, 2014, Dr. Hollingsworth released Plaintiff to return to work with certain restrictions, including a prohibition on lifting more than 10 pounds. (Doc. 11-1 at ¶ 11). Defendant Holian refused to accommodate these restrictions, telling Plaintiff that Atlas Roofing did not offer "light-duty" work to its employees. (*Id.*) Plaintiff therefore

went back to Dr. Hollingsworth, who reluctantly released Plaintiff to return to work without restrictions. (*Id.*)

On August 6, 2014, Plaintiff returned to work as a full-time line worker. (Doc. 11-1 at ¶ 12). He continued to attend physical therapy and receive medical treatment from his surgeon, sometimes during work hours. (*Id.*) Holian again refused to accommodate these medical treatments, assessing Plaintiff 0.5 points under its Absenteeism Policy every time he missed work to attend therapy or receive treatment. (*Id.*)

On August 18, 2014, while attempting to lift a 50 pound bag of titanium oxide, the bag broke, forcing Plaintiff to the concrete floor and exacerbating the injury to his back. (Doc. 11-1 at ¶ 13). Plaintiff, however, did not file a worker's compensation claim for fear of retaliation. (*Id.*)

Over the week, Plaintiff continued to work his regular shift despite his back pain. (Doc. 11-1 at ¶ 14). On August 25, 2014, he was scheduled to work a 12-hour shift, from 7:00 a.m. to 7:00 p.m.; he also had scheduled a physical therapy session for 3:00 p.m. that same day, hoping the therapy would help alleviate his back pain. (*Id.*) Although he had informed management of his intentions two days earlier, and had arranged for coworkers to cover his shift, Kidder refused to allow him to leave. (*Id.*) When Plaintiff sought treatment anyway, Kidder charged him with walking off his shift and suspended him for three days without pay. (*Id.*)

When Plaintiff returned from suspension, members of his workshift, including Kidder, the Production Supervisor, and coworkers Elvis Angel, Jake Hoskins, Tony

3

Whitt, and Daryl Roberts, began to taunt Plaintiff for missing work because of his back, claiming that he was shirking work and jeopardizing the company's safety record. (Doc. 11-1 at ¶ 15). Although Plaintiff complained to Holian about this harassment, it continued unabated during the remainder of his employment with Atlas Roofing. (*Id.*)

Beginning in November, 2014, Plaintiff sought treatment from Stephen Pledger, M.D., a back surgeon, who eventually scheduled Plaintiff for additional back surgery on March 30, 2015. (Doc. 11-1 at ¶ 16). Holian, however, refused to accommodate Plaintiff by allowing time-off to begin the protocol leading up to the scheduled surgery, even after Dr. Pledger himself contacted Holian to explain the situation. (*Id.*) Eventually, Plaintiff had to cancel that surgery. (*Id.*)

Thereafter, on April 2, 2015, Dr. Hollingsworth again took Plaintiff off work for one month to rest his back. (Doc. 11-1 at ¶ 17). While he was off, Holian again tried to convince Plaintiff to resign and apply for social security disability benefits. (*Id.*)

Plaintiff met with Holian on April 13, 2015, at which time Holian again told him that he would never return to work for Atlas Roofing, and that his only options were to resign or be terminated. (Doc. 11-1 at ¶ 18). Holian then prepared a letter of resignation, on which Plaintiff wrote that he was being forced to resign. (*Id.*)

At all times herein, Plaintiff has been ready, willing and able to perform the duties of a line worker in the felt paper mill at the Franklin Facility, with or without accommodation. (Doc. 11-1 at ¶ 19).

Plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission alleging that Atlas Roofing had retaliated against him on the basis of

disability. (Doc. 11-1 at ¶ 18). On February 2, 2017, the EEOC issued a right to sue letter. (*Id.*)

On April 15, 2017, Plaintiff filed the Complaint. (Doc. 1). The Complaint asserts claims against Defendants for disability discrimination under the Americans with Disabilities Act ("ADA") and Ohio Revised Code § 4112.02(A).

On August 30, 2017, Defendants filed a motion to dismiss arguing that the Complaint does not state a plausible claim for disability discrimination, and, further, that Holian and Kidder—employees of Atlas Roofing—are not "employers" and cannot be liable for disability discrimination under Ohio or federal law. (Doc. 9).

On September 21, 2017, Plaintiff filed a motion to amend the Complaint. (Doc. 11). The motion seeks leave to file a Proposed Amended Complaint (Doc. 11-1) which is identical to the Complaint in every respect except it adds an additional (third) claim against Holian and Kidder, individually, for aiding and abetting disability discrimination under Ohio Revised Code § 4112.02(J).

Defendants argue that the Proposed Amended Complaint fails to state a claim upon which relief can be granted and should be denied as futile. (Doc. 13).

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). In deciding a party's motion for leave to

amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments . . . ." *Id.*

A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). For purposes of a motion to dismiss, the court must view the complaint in the light most favorable to the non-moving party and take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ultimately, determination of whether justice requires the amendment is entrusted to the sound discretion of a district court. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

### III. ANALYSIS

After considering the Rule 15(a) criteria, the Court does not find, and Defendants do not allege, that leave should be denied due to undue delay, lack of notice, bad faith, failure to cure deficiencies, or undue prejudice.

Defendants' sole argument is that granting leave to amend the Complaint would be futile because all three claims in the Proposed Amended Complaint fail to state a claim

6

upon which relief can be granted. Accordingly, the Court considers whether the claims of the Proposed Amended Complaint contain sufficient factual allegations, accepted as true, to state a plausible right to relief.

Defendants argue: (1) the Proposed Amended Complaint fails to state a claim for disability discrimination; (2) Holian and Kidder—individual employees of Atlas Roofing—are not "employers" subject to liability for disability discrimination under Ohio or federal law; and (3) the Proposed Amended Complaint fails to state a claim for aiding and abetting disability discrimination against Holian or Kidder. The Court addresses each argument in turn.

### A. The Proposed Amended Complaint states claims upon which relief can be granted for disability discrimination under the ADA and Ohio Rev. Code § 4112.02(A)

Counts One and Two of the Proposed Amended Complaint allege that Atlas Roofing, "through the actions" of Holian and Kidder, violated the ADA and Ohio Revised Code § 4112.02(A) by refusing to accommodate Plaintiff's disability and constructively discharging him from employment. (Doc. 11-1 at ¶¶ 21-28).

Defendants argue that the Proposed Amended Complaint does not sufficiently plead disability discrimination claims under the ADA or Ohio law. (Doc. 9 at 7-8). The Court does not agree.

In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must allege: (1) that he has a disability; (2) he otherwise qualifies for the service, program, or activity; and (3) the defendant intentionally discriminated against him solely because of his disability. *See Everson v. Leis*, 412 Fed. Appx. 771, 776 (6th Cir. 2011).

7

These are the same elements required to plead a claim for disability discrimination under Ohio law. *See Witte v. Rippe & Kingston Sys.*, 358 F. Supp. 2d 658, 669-72 (S.D. Ohio 2005).

Here, the Proposed Amended Complaint asserts each of these three elements. Specifically, the Proposed Amended Complaint alleges that Plaintiff suffers from herniated discs and crushed vertebrate that constitute and/or are perceived to constitute a disability (Doc. 11-1 at ¶¶ 22, 26); Plaintiff is qualified for employment at Atlas Roofing (*Id.* at ¶ 19); and Defendants' actions forced Plaintiff to resign (*Id.* at ¶ 18).

Defendants argue that Plaintiff was not subject to an "adverse employment action" because he resigned. (Doc. 9 at 7-8). This argument is not well-taken.

A plaintiff may use a constructive discharge to satisfy the adverse employment action requirement in a disability discrimination action. *Hurtt v. Int'l Servs.*, 627 Fed. Appx. 414, 420 (6th Cir. 2015). To demonstrate a constructive discharge, the plaintiff must show that (1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person; (2) the employer did so with the intention of forcing the employee to quit; and (3) the employee actually quit. *Id.*

Here, the Court finds that Plaintiff has set forth facts sufficient to plead a constructive discharge.

First, the Proposed Amended Complaint's allegations -- that Defendants coerced Plaintiff to resign by encouraging his retirement, labeling his disability as a liability to the company, and informing him that his only options were to resign or be terminated -- are sufficient to meet the first, "intolerable working conditions," prong of the inquiry. *See*

8

*Logan v. Denny's*, 259 F.3d 558, 569 (6th Cir. 2001) (in determining whether the first prong of the constructive discharge inquiry is satisfied, courts consider, *inter alia*, badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation, and offers of early retirement).

Second, the Proposed Amended Complaint sufficiently pleads that Defendants intentionally tried to coerce Plaintiff to resign. (Doc. 11-1 at ¶¶ 10, 18).

Third, Plaintiff actually resigned. (Doc. 11-1 at ¶ 18).

Accordingly, Defendants' argument that Counts One and Two of the Proposed Amended Complaint fail to plead claims for disability discrimination and are futile is not well-taken.

**B. Counts One and Two fail as a matter of law as to Holian and Kidder**

Defendants argue that, regardless of the merits of Counts One and Two, both claims fail as to Holian and Kidder because they are employees of Atlas Roofing, and neither the ADA nor Ohio Revised Code § 4112.02(A) provides a cause of action for disability discrimination against individual employees. (Doc. 9 at 2-4). The Court agrees.

The ADA prohibits "covered entities" from discriminating against disabled employees because of their disability. 42 U.S.C. § 12112(a). A "covered entity" is defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). An "employer" is:

> a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person[.]

9

42 U.S.C. § 12111(5)(A).

The Sixth Circuit has expressly held that employees of a covered entity, even those employed as supervisors, are not subject to civil liability under the ADA unless they themselves meet the definition of an "employer." *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808, n. 1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases.") (citing *Wathen v. General Electric*, 115 F.3d 400, 404-05, n. 6 (6th Cir. 1997) (holding that an individual supervisor may not be held personally liable under Title VII and noting that the Title VII and ADA liability schemes are similar in this regard)).

Similarly, Ohio law prohibits "employers" from discriminating against employees on the basis of their disability. Ohio Rev. Code § 4112.02(A). Under Ohio law, an "employer" includes any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer. Ohio Rev. Code § 4112.01(A)(2). The Supreme Court of Ohio has clarified that, while this definition allows an employer to be held vicariously liable for the actions of its employees, "it does not simultaneously create an express cause of action against individual agents and servants of the employer." *Hauser v. City of Dayton Police Dep't*, 140 Ohio St. 3d 268, 270-273 (2014) ("R.C. 4112.01(A)(1) and 4112.02(A) . . . do not expressly impose liability on individual employees.").

Here, Counts One and Two allege that Atlas Roofing, "through the actions" of Holian and Kidder, discriminated against Plaintiff in violation of the ADA and Ohio Revised Code § 4112.02(A). The Proposed Amended Complaint acknowledges that Holian and Kidder are employees of Atlas Roofing, holding the titles of Human Resource Director and Production Supervisor, respectively. (Doc. 11-1 at ¶¶ 3-4). The Proposed Amended Complaint does not assert any facts indicating that Holian or Kidder themselves meet the definition of "employer" under federal or Ohio law.

Counts One and Two of the Proposed Amended Complaint fail as to Holian and Kidder, as neither are "employers" subject to liability under the ADA or Ohio Revised Code § 4112.02(A). *See Sullivan*, 197 F.3d at 808, n. 1; *Hauser*, 140 Ohio St. 3d at 270-73. Accordingly, it would be futile to grant leave to allow these claims to be asserted against Holian and Kidder.

**C. Aiding and Abetting**

Count Three alleges that Holian and Kidder violated Ohio Revised Code § 4112.02(J), which makes it unlawful for any person to "aid, abet, incite, compel, or coerce" an employer's disability discrimination. Unlike Ohio Revised Code § 4112.02(A), § 4112.02(**J**) applies to "persons" and not only "employers." *Sampson v. Sisters of Mercy of Willard*, Case No. 3:12-cv-824, 2015 U.S. Dist. LEXIS 84108, at * 22 (N.D. Ohio June 29, 2015).

Although Ohio's anti-discrimination statute does not define "aiding and abetting," Ohio courts generally define "aid" as "to assist" and "abet" as "to incite or encourage." *Luke v. City of Cleveland*, Case No. 1:02cv1225, 2005 U.S. Dist. LEXIS 49630, at * 19

11

(N.D. Ohio Aug. 22, 2005). Ohio courts generally construe aiding and abetting as an intentional act. *Id.* ("[O]ne is not an aider and abetter unless he knowingly does something which he ought not to do") (citation omitted). Mere association with the principal is not enough. *Id.* (citation omitted).

Here, the Proposed Amended Complaint alleges that Holian intentionally helped procure Plaintiff's resignation by labeling Plaintiff a liability to the company, personally encouraging Plaintiff to resign, and informing Plaintiff that his only options were to resign or be fired. (Doc. 11-1 at ¶¶ 10, 17-18). The Proposed Amended Complaint sets forth allegations sufficient to state a claim for aiding and abetting disability discrimination against Holian.

However, the Proposed Amended Complaint does not contain any such allegations against Kidder. The Proposed Amended Complaint alleges that Kidder and Plaintiff had a disagreement as to whether Plaintiff could attend a doctor's appointment during one of his shifts, but does not contain any allegations that Kidder intentionally assisted in any discrimination against Plaintiff or intentionally attempted to procure his resignation. The Proposed Amended Complaint does not set forth a plausible claim for aiding and abetting disability discrimination against Kidder.

Accordingly, Defendants' argument that Count Three fails to state a claim and should be denied as futile is not-well taken as to Holian, and well-taken as to Kidder.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an Amended Complaint (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the motion is **GRANTED** to the extent Plaintiff seeks leave to assert Counts One and Two of the Proposed Amended Complaint against Atlas Roofing and Count Three against Holian. To the extent the motion seeks leave to assert Counts One and Two against Holian and Kidder, and Claim Three against Kidder, it is **DENIED** as futile. Plaintiff shall file an Amended Complaint in compliance with this Order within 14 days of entry of this Order.

Additionally, because the Amended Complaint supersedes the original Complaint, Defendants' pending motion to dismiss (Doc. 9) is now moot. *See Yates v. Applied Performance Techs, Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) ("Because amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot."). Therefore, Defendants' motion to dismiss the Complaint (Doc. 9) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Date:  12/18/17

*Timothy S. Black*
Timothy S. Black
United States District Judge